```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

ARTHELIA D. TATE,                 :

    Plaintiff,                    :

vs.                               :
                                     CIVIL ACTION 07-0078-M
MICHAEL J. ASTRUE,[1]             :
Acting Commissioner of
Social Security,                  :

    Defendant.                    :


MEMORANDUM OPINION AND ORDER

      In this action under 42 U.S.C. § 405(g), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for disability insurance benefits (Docs. 1, 14).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Defendant has filed a Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (Doc. 15).  Defendant has stated that Plaintiff's attorney has no objection to the motion (Doc. 15, p. 2).

      Defendant states that

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

> [o]n remand by the Court, the Appeals Council will remand this case to an Administrative Law Judge (ALJ) for rehearing. The ALJ will be directed to properly consider the psychological reports of Dr. Blanton and Dr. Tocci, and specify the weight given to each. In addition, the ALJ will obtain supplemental medical expert testimony to provide a longitudinal overview of Plaintiff's credible impairments prior to her date last insured, September 20, 1999. The ALJ will also properly evaluate Plaintiff's mental impairments and resultant functional limitations as prescribed in 20 C.F.R. § 404.1520a, and as required by Eleventh Circuit case law, as they existed prior to her date last insured. In addition, supplemental vocational expert testimony will be received, based on a hypothetical question which comprehensively describes Plaintiff's credible functional impairments, and which accurately assesses the requirements of Plaintiff's past relevant work and her transferable skills, if any, prior to her date last insured.

(Doc. 15, pp. 1-2). This is a tacit admission that Plaintiff's application was not appropriately considered and that this action should be reversed. Without reviewing the substantive evidence of record, this Court accepts Defendant's acknowledgment of error.

It appears to the Court that the decision of the Secretary should be reversed and remanded. Such remand comes under sentence four of 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). For further procedures not inconsistent with this report, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

Therefore, it is **ORDERED** that Defendant's Motion to Remand

under sentence four be **GRANTED** (Doc. 15) and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the Orders of this Court.

DONE this 26th day of June, 2007.

                                s/BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE